UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DARRELL R. GREEN,

                               Plaintiff,

-against-

LT. FOLEY, as employed at Eastern Correctional
Facility by Department of Correctional Services of
The State of New York,

                               Defendant.
-----------------------------------------------------------------x

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAY 23 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

TRANSFER ORDER
05-CV-2284 (NGG)

05 -CV- 0629 GLS / DRH

GARAUFIS, United States District Judge:

    Plaintiff, Darrell R. Green, initially brought this pro se § 1983 action in the United States District Court for the Southern District of New York. On October 15, 2004, the Southern District's Chief Judge Mukasey issued an order directing plaintiff to file an affirmation alleging where the events giving rise to his claim occurred. See Green v. Foley, No. 04 Civ. 8137 (MBM), slip op. (S.D.N.Y. Oct. 15, 2004).

    In December 2004, plaintiff responded to that order by filing an affirmation alleging that "[t]he events giving rise to [his] claims took place at Eastern Correctional Facility, which is located in Ulster County ...." Plaintiff's Affirmation at 1. In light of this allegation, Chief Judge Mukasey issued a transfer order dated April 21, 2005, which acknowledges that "[i]f the claim arose in Ulster County, venue would lie in the Northern District of New York." Green v. Foley, No. 04 Civ. 8137 (MBM), slip op. at 1 (S.D.N.Y. Apr. 21, 2005). However, this order concludes:

> In light of these allegations clarifying that a substantial part of the events or omissions giving rise to this claim occurred in Ulster County, which is located in the Northern District of New York, 28 U.S.C. § 112(a), the action should be and is hereby transferred to the United States District Court for the Eastern District of New York.

Id.

It is readily apparent from the language in the April 21, 2005, order that Chief Judge Mukasey intended to transfer this case to the Northern District, not to the Eastern District. Even if this were not the case, the Court would conclude that, in light of the allegations contained in the plaintiff's December 2004 affirmation, this case must be transferred to the United States District Court for the Northern District of New York. See 28 U.S.C. § 112(a).

Accordingly, this case is hereby transferred to the United States District Court for the Northern District of New York. See 28 U.S.C. §§ 1391(b), 1406(a). That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. A summons shall not issue from this Court and, upon the transfer of the case, the Clerk of Court shall close this case.

SO ORDERED.

Dated: May 19, 2005        _____/s/_____
       Brooklyn, N.Y.       Nicholas G. Garaufis
                            United States District Judge

A TRUE COPY
ATTEST
DATED May 20, 20 05
ROBERT C. HEINEMANN
                    CLERK
BY _____
            DEPUTY CLERK