**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

DARRELL GREEN,
                 Plaintiff,

      v.                                       No. 05-CV-0629
                                                  (GLS/DRH)

LT. FOLEY, Eastern Correctional
Facility,
                 Defendant.
-----------------------------------------------------------------

**APPEARANCES:**                     **OF COUNSEL:**

DARRELL R. GREEN
Plaintiff Pro Se
No. 96-A-6435
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13021

HON. ANDREW M. CUOMO           GERALD J. ROCK, ESQ.
Attorney General for the State         Assistant Attorney General
  of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Darrell Green ("Green"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant, Lt. Foley ("Foley"), a DOCS employee, violated his

---

      [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

right to due process during a Tier III disciplinary hearing[2] held at the Eastern Correctional Facility ("Eastern") in 2001.  Compl. (Docket No. 1).  Presently pending is Foley's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 26.  Green opposes the motion.  Docket No. 29.  For the reasons which follow, it is recommended that Foley's motion be granted.

## I.  Background

The facts are presented in the light most favorable to Green as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

At all relevant times, Green was an inmate in the custody of DOCS.  Green was incarcerated at Eastern from June 2000 through January 2001 where he initially worked at the facility law library as a legal aid providing legal assistance to inmates.  Barnes Decl. (Docket No. 26) at ¶ 5.  Green began providing legal assistance to inmate John LaPlant ("LaPlant") while working at the law library.  Compl. at ¶ 4.  At all relevant times, LaPlant was housed in a special unit for disabled inmates at Eastern.  LaPlant Decl. (Docket No. 26) at ¶ 2.

Green began assisting LaPlant with his legal claims and was given access to LaPlant's legal papers.  LaPlant Decl. at ¶ 5.  According to LaPlant, after Green began assisting LaPlant, Green demanded money from LaPlant for his services and a money order for $50 was deposited into Green's inmate account by LaPlant's relative.  Barnes

---

[2]DOCS regulations provide for three tiers of disciplinary hearings depending on the seriousness of the misconduct charged.  A Tier III hearing, or superintendent's hearing, is required whenever disciplinary penalties exceeding thirty days may be imposed.  N.Y. Comp. Codes R. & Regs. tit. 7, §§ 253.7(iii), 270.3(a) (2007).

Decl. at ¶¶ 5-6.  The deposit led Corrections Officer Barnes ("Barnes") to an investigation that resulted in Barnes issuing two disciplinary charges to Green, one for receiving compensation for legal assistance provided and another for extorting inmate LaPlant. Barnes Decl. at ¶ 8 & Ex. B.  A disciplinary hearing for the charges was held on February 6, 2001.  Compl. at ¶ 6.  Foley was designated by the Superintendent of Eastern to serve as the Hearing Officer.   Foley Decl. (Docket No. 26) at ¶ 5 & Ex. B.  At the beginning of the hearing, Green requested LaPlant be called as a witness and Foley approved.  Compl. at ¶ 7.

  Prior to LaPlant testifying at the hearing, Barnes testified.  Foley Decl. at ¶ 12. Barnes testified that through his investigation he discovered that LaPlant's sister-in-law had sent the money order to Green's account and that he interviewed LaPlant.  Foley Decl., at Ex. E.  Barnes then requested that the information provided by LaPlant be kept confidential and that Foley hear certain information in private.  Id. at ¶ 12 & Ex. E, Barnes Decl. at ¶ 9. Foley adjourned the hearing to hear the information provided by Barnes.  Foley Decl. at ¶ 14; Barnes Decl. at ¶ 9.  Foley also listened to the audiotape of the interview of LaPlant by Barnes in which LaPlant described the nature of his relationship with Green.  Foley Decl. at ¶ 14; Barnes Decl. at ¶ 9.

  On February 7, 2001, Foley reconvened the hearing at which time Green was informed that he could not bring LaPlant as a witness and was given a form explaining the reason why the testimony was to remain confidential.  Foley Decl. at Exs. E & F.  Green was found guilty on the two charges.  Id. at Ex. E.  Green was sentenced to six months

confinement in the Special Housing Unit ("SHU").³ Id.  Green's appeal of the ruling was successful and he was returned to the general prison population on May 22, 2001. Compl. at ¶ 13.⁴  This action followed.

## II. Discussion

Green asserts a single cause of action alleging that Foley violated his right to due process under the Fourteenth Amendment.⁵  Foley seeks summary judgement on the claim.

### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the

---

   ³ SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995).  Inmates are confined to SHUs as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

   ⁴Green alleges that he was thus confined in a SHU from January 30 to May 22, 2001, a period of 113 days.  Compl. at § IV.

   ⁵ Green also makes allegations of failure to timely release him from SHU and denial of access to legal materials.  However, Green does not explain or sufficiently assert a claim against Foley as the responsible party.  Therefore, these claims are not addressed here.  To the extent that Green seeks by these allegations to assert separate claims based on them, those claims should be dismissed for failure to state causes of action.

case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-34 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-moving special solicitude. Id. However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Due Process

Green alleges that his due process rights were violated when Foley refused to call LaPlant to testify at his hearing. An inmate is allowed to mount a defense in disciplinary proceedings by calling witnesses and presenting documentary evidence. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). This right to call witnesses in the prison setting is not absolute, however, and may be limited if "unduly hazardous to institutional safety or

correctional goals." Id. New York allows inmate witness interviews to be audio taped outside the presence of the inmate accused of a violation. N.Y. Correct. Law § 253.5(b) (2003). The tape can be withheld from the accused inmate if it "would jeopardize institutional safety." Id. Prison officials are granted discretionary authority to balance any safety concerns with the importance of the testimony and witness requests can be limited to prevent reprisals and to preserve facility safety. Wolff, 418 U.S. at 566. The New York procedures for allowing witness testimony outside the presence of the accused inmate are adequate protections of the inmate's due process rights. Walker v. Bates, 23 F.3d 652, 656 (2d Cir. 1994); Allen v. Steen, No. 94-CV-027E(H), 1995 WL 643846, at *2 (W.D.N.Y. Oct. 19, 1995).

At the hearing, Barnes testified that information discovered during his investigation should be kept confidential for safety concerns. Foley Decl. at ¶ 13 & Ex. E; Barnes Decl. at ¶ 9. Foley adjourned the hearing to hear the tape-recorded interview of LaPlant in private. Id. After hearing the tape, Foley determined that the evidence was credible and that for safety concerns, Green would not be allowed to hear the tape or call LaPlant as a witness. Id. Those reasons were based both on LaPlant's disability, which made him vulnerable to retaliation, and on LaPlant's continued incarceration at Eastern. Foley Decl. at ¶ 17. This decision was made pursuant to the discretionary power given to the hearing officer over such matters by DOCS regulations. Thus, Green did have the testimony of LaPlant heard by Foley at the Tier III Hearing before the decision was made, but Green was not allowed to hear that testimony or cross-examine LaPlant. Foley Decl. at Exs. F, G.

The undisputed facts establish that a witness whom Green had requested did in fact

testify but that Green was not allowed to confront or cross-examine that witness. The right to confront and cross-examine adverse witnesses in a prison disciplinary hearing is not absolute but is qualified where "the hearing officer specifically finds good cause for not allowing confrontation . . . ." Anderson v. Recore, 446 F.3d 324, 329 (2d Cir. 2006); Gutierrez v. Joy, __ F. Supp. 2d __, 2007 WL 2194014, at *3 (S.D.N.Y. July 27, 2007). Foley made the requisite finding here and that finding was supported by the record.

Therefore, it is recommended that Foley's motion on this ground be granted.

### C. Qualified Immunity

Defendant also contends that he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if the plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Green's allegations as true, he has not shown that defendants violated his constitutional rights.

In the alternative, even assuming that the refusal to permit Green to confront and cross-examine LaPlant deprived Green of his due process rights, Foley is still entitled to

qualified immunity. The issue presented is whether at the time of the disciplinary hearing on February 6 and 7, 2001, the law was clearly established that an inmate enjoyed the right to confront and cross-examine a disabled inmate where the hearing officer had determined that retaliation could result. See Iqbal v. Hasty, 490 F.3d 143, 170 (2d Cir. 2007) (holding that whether law is clearly established must be determined in this circuit by reference to the decisions of the Supreme Court and Second Circuit Court of Appeals). There was no such clearly established law at the time in question. Accordingly, Foley is entitled to qualified immunity on this ground as well.

Therefore, in the alternative, it is recommended that Foley's motion on this ground be granted.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Foley's motion for summary judgement (Docket No. 26) be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAY WILL PRECLUDE APPELLATE REVIEW**.

Roland v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 21, 2007
       Albany, New York

_____
United States Magistrate Judge