**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DARRELL GREEN,**

                    **Plaintiff,**              **No. 05-CV-0629
(GLS/DRH)**

            **v.**

**LT. FOLEY, Eastern Correctional Facility,**

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| DARRELL GREEN<br>Plaintiff, *Pro Se*<br>No. 96-A-6435<br>Auburn Correctional Facility<br>Post Office Box 618<br>Auburn, New York 13021 | |
| **FOR THE DEFENDANT:** | |
| HON. ANDREW M. CUOMO<br>New York State Attorney General<br>The Capitol<br>Albany, New York 12224-0341 | GERALD J. ROCK<br>Assistant Attorney General |

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Darrell Green brings this action under 42 U.S.C. § 1983, alleging that his right to due process was violated in connection with a Tier III disciplinary hearing at the Eastern Correctional Facility in 2001. *See Dkt. No. 1.* Green's complaint was referred to Magistrate Judge David R. Homer pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Northern District of New York. Upon the motion of defendant Lt. Foley, Judge Homer issued a Report-Recommendation recommending that Green's complaint be dismissed. *See Report-Recommendation and Order, Dkt. No. 34.*[1] Now pending before the court is Green's timely objection to the Report-Recommendation. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts Judge Homer's Report-Recommendation in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a Magistrate Judge. If a party

---

[1]The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 34.*

has objected to specific elements of the Magistrate Judge's findings and recommendations, this court reviews those findings and recommendations *de novo.* *See Almonte v. N.Y. State Div. of Parole,* No. 9:04-CV-484, 2006 WL 149049, *6-7 (N.D.N.Y. Jan. 18, 2006). Even in those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a Magistrate Judge under a clearly erroneous standard. *Id.*

In this case, Green has specifically objected to that portion of Judge Homer's Report-Recommendation which concluded that no due process violation occurred when Lt. Foley, in disciplining Green, relied on testimony from a fellow prisoner that was taken behind closed doors and never disclosed to Green. The court has reviewed this aspect of Judge Homer's Report-Recommendation *de novo.* Green has not objected to any other aspect of Judge Homer's Report-Recommendation; thus, this court has reviewed the balance of the Report-Recommendation for clear error.

### III.  Discussion

**A.    Due Process Claim**

Green's sole specific objection targets Judge Homer's conclusion that Green's due process rights were not violated when Lt. Foley heard audio-

3

taped testimony from Green's fellow inmate, John LaPlant, outside of Green's presence and did not convey to Green the substance of LaPlant's testimony nor permit Green to cross-examine LaPlant.  In support of his argument, Green cites the Second Circuit's opinion in *United States v. Abuhamra,* 389 F.3d 309 (2d Cir. 2004), for the proposition that in prison disciplinary proceedings, "due process requires that a prisoner be given . . . a summary of the substance of any adverse evidence reviewed *ex parte* by the hearing officer . . . ."  *Id.* at 326.  It is well established, however, that "the right to know evidence supporting prison disciplinary rulings is not absolute."  *Sira v. Morton,* 380 F.3d 57, 74 (2d Cir. 2004).  Thus, when the disclosure of evidence would create a risk of violence, intimidation, or retaliation, hearing officers may properly refuse to inform an inmate of the adverse evidence.  *Id.* at 75.

In *Sira,* the court held that the *substance* of confidential informants' testimony should have been revealed to the plaintiff at his disciplinary hearing.  *Id.* at 75-76.  However, this conclusion was premised on the fact that the disclosure of the substance of the testimony offered by the confidential informants would not have revealed the identity of the informants.  *Id.*  Under the circumstances of this case, by contrast, Lt.

4

Foley determined that the confidential testimony he reviewed should not be revealed to Green "in order to protect the identity of people in [sic] involved." *Declaration of William Foley in Support of Motion for Summary Judgment, Exhibit E, p. 18 (Tier III Hearing Transcript); Dkt. No. 26.* In light of the potential danger to LaPlant, Judge Homer correctly determined that Green's due process rights were not violated when Lt. Foley considered LaPlant's testimony without providing Green notice of its substance or an opportunity to cross examine LaPlant. Accordingly, the court adopts Judge Homer's recommendation, and Green's due process claim is dismissed.

B.  **Other Claims**

Since Green did not challenge Judge Homer's other findings and recommendations, the court has reviewed the remainder of Judge Homer's report for clear error. *See Almonte,* 2006 WL 149049, *6. Based upon this review, the court concludes that Judge Homer correctly determined that, even assuming that Green was deprived of due process, Lt. Foley is entitled to qualified immunity. Accordingly, the court adopts Judge Homer's conclusion that Lt. Foley is entitled to qualified immunity. Additionally, Judge Homer correctly determined that Green's claims based on failure to timely release him from the Special Housing Unit ("SHU") and denial of

5

access to legal materials should be dismissed for failure to state causes of action because Green has offered no evidence that Lt. Foley was responsible for these actions. Accordingly, the court adopts Judge Homer's recommendation, and Green's causes of action based on failure to timely release him from SHU and denial of access to legal materials are dismissed.

## IV.  Conclusion

Having considered Green's objections and reviewed Judge Homer's findings of fact and conclusions of law, the court adopts Judge Homer's Report-Recommendation in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Homer's August 21, 2007 Report-Recommendation and Order (*Dkt. No. 34*) is accepted and adopted in its entirety, the complaint is dismissed; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close the case; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
October 31, 2007

Gary L. Sharpe
U.S. District Judge